USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 4/16/2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

-against-

LAKUAN RHYNE,

                      Defendant.

No. 15-CR-05-01 (NSR)
No. 18-CIV-361 (NSR)
ORDER AND OPINION

NELSON S. ROMÁN, United States District Judge

    Defendant, Lakuan Rhyne ("Defendant" or "Rhyne"), was originally charged in a multi-count indictment with participating in a narcotics conspiracy in and about Westchester County from 2014 through January 2015. (ECF No. 2.) On June 18, 2015, the Government filed a superseding indictment which added an additional count, Count Four, which charged the Defendant with distributing heroin, laced with fentanyl, which resulted in the overdose death of another (Thomas Coogan). (ECF No. 88.) As a result of Count Four, Defendant faced a mandatory minimum sentence of twenty years imprisonment.

    Pursuant to a plea agreement, dated March 18, 2016 (the "Agreement"), Defendant agreed and pled guilty to a superseding information which charged him with one count of heroin conspiracy involving at least one kilogram. (ECF No. 181.) The charge carried a statutory minimum sentence of ten years imprisonment. As a condition of his plea, for purposes of calculating the applicable Sentencing Guidelines range, Defendant agreed that his offense level was thirty-five (35) and his criminal history category was three (III). The agreed upon Sentencing Guideline range, based on the offense level and criminal history category, was two hundred and ten (210) months to two hundred and sixty-two (262) months imprisonment. On April 21, 2016, this Court sentenced the Defendant to a term of one hundred and eighty-six (186) months imprisonment to be followed by a term of supervised release. (*See* Judgment, ECF No. 214.) Before the Court is

Defendant's motion pursuant to 28 U.S.C. § 2255 to set aside his sentence on the basis of ineffective assistance of counsel. For the following reasons, Defendant's motion is DENIED in its entirety.

## LEGAL STANDARD

A motion under 28 U.S.C. § 2255 is an extraordinary remedy. *See Moyhernandez v. United States*, No. 02 Civ. 8062 MBM, 2004 WL 3035479 (S.D.N.Y. Dec. 29, 2004). 28 U.S.C. § 2255(a) provides that:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

§ 2255(b) provides, in relevant part:

> If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate.

A plain reading of the statute contemplates providing a mechanism to detained individuals who seek judicial relief from a wrongfully imposed sentence. It is well settled that § 2255 provides a collateral remedy and not a remedy for an appeal such that it can used to challenge the sufficiency of the evidence. *See, Dansby v. United States*, 291 F. Supp. 790 (S.D.N.Y. 1968); *see also Bousley v. United States*, 523 U.S. 614, 621 (1998).

## PLEAS AND PLEA AGREEMENTS

The Federal Rule of Criminal Procedure 11(b) provides that before the court may accept a guilty plea, a defendant must be informed of his or her constitutional rights and must demonstrate

2

that the plea is entered voluntarily. Courts have held that for a guilty plea to be deemed valid, it must be entered into voluntarily, knowingly, and intelligently and "with sufficient awareness of the relevant circumstances and likely consequences." *Bradshaw v. Stumpf*, 545 U.S. 175, 183 (2005) (quoting *Brady v. United States*, 397 U.S. 742, 748 (1970)); *see also McCarthy v. United States*, 394 U.S. 459, 466 (1969). This standard exists because the failure to obtain a valid plea is deemed a violation of a defendant's due process rights. *McCarthy*, 394 U.S. at 466. In addition, the court must determine whether the conduct which the Defendant admits to was committed by the accused and constitutes the offense charged in the Indictment, the charging instrument, or the offense for which the defendant has accepted responsibility for pursuant to a plea agreement. *See id.* at 467 (citing Fed. R. Crim. P. 11, advisory committee notes).

Plea agreements are generally favored because they tend to conserve valuable prosecutorial resources and defendants tend to receive more favorable terms at sentencing. *Missouri v. Frye*, 566 U.S. 134, 144 (2012). It is a basic core principle that plea agreements are to be interpreted under the same standards of contract law, *see United States v. Rodgers*, 101 F.3d 247, 253 (2d Cir. 1996), bearing in mind, however, that they "are unique contracts in which special due process concerns for fairness and the adequacy of procedural safeguards obtain." *United States v. Ready*, 82 F.3d 551, 558 (2d Cir.1996) (quotations and citation omitted), *superseded on other grounds as stated in United States v. Cook*, 722 F.3d 477, 481 (2d Cir. 2013); *accord United States v. Cimino*, 381 F.3d 124, 127 (2d Cir. 2004); *United States v. Aleman*, 286 F.3d 86, 90 (2d Cir. 2002). Words and phrases in the agreement are to be given their plain meaning, *see United States v. Dionisio*, 415 F. Supp. 2d 191, 201 (E.D.N.Y. 2006), *aff'd*, 503 F.3d 78 (2d Cir. 2007), and terms are to be strictly construed. *United States v. Pollack*, 91 F.3d 331, 335 (2d Cir. 1996). Any ambiguity in the agreement must be construed against the drafter, typically the Government, *see United States v.*

*Gotti*, 457 F. Supp. 2d 411, 415 (S.D.N.Y. 2006), because "the Government is usually the party that drafts the agreement, and [because] the Government ordinarily has certain awesome advantages in bargaining power." *United States v. Padilla*, 186 F.3d 136, 140 (2d Cir. 1999) (quoting *Ready*, 82 F.3d at 559). In deciding whether a plea agreement has been breached, a court must look to what the parties to the plea agreement reasonably understood its terms to be. *United States v. Carbone*, 739 F.2d 45, 46 (2d Cir. 1984) (quoting *Paradiso v. United States*, 689 F.2d 28, 31 (2d Cir. 1982) (*per curiam*), *cert. denied*, 459 U.S. 1116 (1983)).

## INEFFECTIVE ASSISTANCE OF COUNSEL

It is well settled, that counsel owes her client a duty of loyalty, a duty to avoid conflicts of interest, and when representing a criminal defendant, counsel's role is to assist defendant in his defense within the permissible rules of law. *See generally Strickland v. Washington*, 466 U.S. 668 (1984). Such assistance includes the duty to advocate defendant's cause, to consult with the accused on all matters of importance and to appraise the defendant of important developments in the course of the prosecution. *Id.* at 688. The Sixth Amendment to the United States Constitution "guarantees a defendant the right to have counsel present at all 'critical' stages of the criminal proceedings," *Montejo v. Louisiana*, 556 U.S. 778, 786 (2009) (quoting *United States v. Wade*, 388 U.S. 218, 227–228 (1967)), which includes the entry of a guilty plea, *Argersinger v. Hamlin*, 407 U.S. 25, 38 (1972), and sentencing. *Mempa v. Rhay*, 389 U.S. 128 (1967). In regards to a negotiated plea, counsel has the utmost obligation to advise his client of "the advantages and disadvantages of a plea agreement." *Padilla v. Kentucky*, 559 U.S. 356, 370 (2010) (quoting *Libretti v. United States*, 516 U.S. 29, 50–51 (1995)). At sentencing, counsel's sage advice and forceful advocacy can serve to minimize a defendant's period of incarceration. *See Glover v. United States*, 531 U.S. 198, 203 (2001).

When evaluating counsel's performance, judicial scrutiny must be highly deferential and must not serve as an opportunity to act as a Monday morning quarterback. *See Strickland*, 466 U.S. at 689. In order to reverse a conviction based on ineffective assistance of counsel, there must be a showing that counsel's assistance was deficient and that such deficiency prejudiced the defense so as to deprive the defendant of a fair proceeding. *Id.*, 466 U.S. at 687–693. Where the defendant enters a guilty plea upon counsel's advice, the voluntariness of the plea is dependent on whether the advice was within range of competence demanded of attorneys in criminal cases and whether counsel's constitutionally ineffective performance affected the outcome of the plea process. *Hill v. Lockhart*, 474 U.S. 52, 56, 69 (1985). "In other words, in order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* at 59.

"[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound [] strategy.'" *Strickland*, 466 at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)). A defendant claiming ineffective assistance "must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690.

## **DISCUSSION**

Defendant asserts that counsel was ineffective because he understood that by entering into the plea agreement he would not be admitting that he distributed heroin laced with fentanyl which contributed to the death of another person (Thomas Coogan). Additionally, Defendant suggests that

5

as a result of ineffective counsel, he received an enhanced sentence (of approximately five years) and ordered to pay restitution (medical and funeral expenses of Thomas Coogan). However, a review of the record, including the Agreement, does not support Defendant's contention.

On April 21, 2016, Defendant executed the Agreement which was also reviewed and executed by his counsel. According to the Agreement, Defendant agreed to plead guilty to count one of the superseding information which charged him with participating in a conspiracy to distribute and possess with intent to distribute one kilogram or more of mixtures and substances containing a detectable amount of heroin. Defendant agreed to a stipulated offense level and criminal history category. It was agreed that the Sentencing Guideline range would be two hundred and ten (210) to two hundred and sixty-two (262) months of imprisonment. Defendant acknowledged that the sentencing court was authorized to impose "any sentence, up to and including the statutory maximum sentence." Of significance, Defendant agreed not to directly appeal or collaterally challenge (including but not limited to an application under 28 U.S.C. §§ 2255 and 2241) "any sentence within or below the Stipulated Guidelines Range of 210 to 262 months' imprisonment." It also provided that the sentencing guideline analysis contained within the agreement was "binding on the parties even if the Court employs a guidelines analysis different from that stipulated to."

A review of the Agreement reveals clear and unambiguous terms. Further, a review of the hearing minutes from the plea allocution, reveals Defendant read the plea agreement, the waiver of indictment and the superseding information and understood their terms. Defendant was appraised of, *inter alia*, his constitutional rights, waived his rights, indicated he had sufficient opportunity to consult with his attorney, was satisfied with his attorney and the services provided, acknowledged that the applicable guideline sentencing range was two hundred and ten (210) to two hundred and

6

sixty-two (262) months, and understood that the Court could impose a sentence within the applicable guideline sentencing range. The record supports a finding that Defendant's plea was entered knowingly, intelligently and voluntarily. Any motion seeking to vacate the plea on the basis Defendant was misinformed or that it was not entered knowing is baseless. Likewise, since the Court imposed a sentence which does not contradict and is in keeping with the terms of the Agreement, Defendant's motion on the basis that the sentence is excessive, must also fail. Such a motion is further foreclosed based upon the explicit terms of the Agreement wherein the Defendant knowingly and voluntarily agreed to waive any appeal or to seek a sentence modification within the agreed upon range. *See United States v. Yemitan*, 70 F.3d 746 (2d Cir. 1995).

Defendant's claim of ineffective assistance of counsel is also meritless. Defendant has not demonstrated that counsel's assistance was deficient, and that such deficiency prejudiced defendant to such a degree that he was deprived of a fair proceeding. *Strickland*, 466 U.S. at 687–693. Other than Defendant's conclusory statement that counsel's performance was constitutionally lacking and ineffective, movant has failed to demonstrate that counsel's performance affected the outcome of the plea process to such an extent "that there is a reasonable probability that, but for counsel's errors, [Rhyne] would not have pleaded guilty and would have insisted on going to trial." *Lockhart*, 474 U.S. at 58–59. Thus, Defendant's application to vacate his conviction based on claims of ineffective assistance of counsel must be denied. Lastly, Defendant's remaining contentions, including claims of prosecutorial misconduct, are frivolous, speculative, not supported by the record and must denied.[1]

---

[1] Following the filing of the notice of appeal, Defendant's appellate counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that after careful review of the record there were no meritorious or non-frivolous issues to be raised on appeal. (See ECF No. 260.)

## CONCLUSION

For the foregoing reasons, Defendant's motion pursuant to 28 U.S.C. § 2255 to set aside his sentence as excessive, and to vacate his conviction on the basis of ineffective assistance of counsel is DENIED in all respects. Defendant failed to demonstrate entitlement to the relief sought. The Clerk of the Court is directed to terminate the civil action 18-civ-361. The Clerk of the Court is also respectfully requested to mail a copy of this opinion to Defendant Rhyne. This constitutes the Court's Opinion and Order.

Dated: April 16, 2018
White Plains, New York

SO ORDERED:

_____
NELSON S. ROMÁN