USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/9/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

-against-

LAKUAN RHYNE,

                 Defendant.

15-CR-00005-1 (NSR)

OPINION & ORDER

NELSON S. ROMÁN, United States District Judge:

       Defendant Lakuan Rhyne ("Defendant") was charged with participating in a narcotics conspiracy. (ECF No. 2.) On April 21, 2016, Defendant pled guilty to a superseding information which charged him with one count of participating in a heroin conspiracy involving at least one kilogram (ECF No. 181), and on July 28, 2016, the Court sentenced him to 186 months' imprisonment followed by five years of supervised release, (ECF No. 216.) On June 9, 2020, Defendant was resentenced to time served and the Court reinstated a term of supervised release. On September 28, 2021, Defendant admitted to violating the terms of his supervised release, and the Court sentenced him to twelve months and one day. (ECF No. 416.) Presently before the Court is Defendant's motion for compassionate release. (ECF No. 428.) For the following reasons, Defendant's motion is DENIED.

## LEGAL STANDARD

       Under Title 18, United States Code, Section 3582, a court "may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The Application Notes state that "a court may reduce

a sentence for 'extraordinary and compelling reasons,' including where the defendant is 'suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.'" *United States v. Hernandez*, 451 F. Supp. 3d 301, 303 (S.D.N.Y. 2020) (quoting U.S.S.G. § 1B1.13(1)(A) & cmt. n.1(A)).  The defendant must also not be "a danger to the safety of any other person or to the community," and "the reduction must be consistent with the Commission's policy statement." *Id.* (citing U.S.S.G. § 1B1.13(2)-(3).)

The Section 3582(c)(1)(A) analysis also requires courts to "consider[] the factors set forth in section 3553(a) to the extent that they are applicable." *United States v. Gentille*, No. 19 Cr. 590 (KPF), 2020 WL 1814158, at *4 (S.D.N.Y. Apr. 9, 2020) (citing 18 U.S.C. § 3582(c)(1)(A)).  The factors include: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant"; (2) "the need for the sentence imposed -- (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner"; (3) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct"; (4) the sentencing guidelines; and (5) "the need to provide restitution to any victims of the offense."  18 U.S.C. § 3553(a).

## DISCUSSION

### I. Exhaustion

"Section 3582(c)(1)(A) imposes 'a statutory exhaustion requirement' that 'must be strictly enforced.'" *United States v. Perez*, 451 F. Supp. 3d 288, 291 (S.D.N.Y. 2020) (quoting *United*

*States v. Monzon*, No. 99 Cr. 157, 2020 WL 550220, at *2 (S.D.N.Y. Feb. 4, 2020)). Courts may consider compassionate release motions brought by an incarcerated defendant only if he or she has either (1) "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or (2) waited for thirty days after serving his or her petition on the warden of the facility. 18 U.S.C. § 3582(c)(1)(A).

Here, Defendant states that he submitted to the Warden of Westchester County Jail a request for Sentence Reduction, which was denied as the Warden stated he or she has no authority to grant the petition. (Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(C)(1)(A)(i) and the First Step Act ("Motion"), ECF No. 428 at 3.) Defendant argues that he has therefore satisfied the exhaustion requirement, or, in the alternative, the requirement should be waived as he is not currently housed at a facility under the direct administration of the Bureau of Prisons ("BOP"). (*Id*. at 3-4.)

Numerous courts in this circuit have concluded that Section 3582(c)(1)(A)'s exhaustion requirement is a claim-processing rule that can be waived. *See, e.g., United States v. Scparta*, No. 18-cr-578 (AJN), 2020 WL 1910481, at *4 (S.D.N.Y. Apr. 20, 2020) ("The exhaustion requirement in Section 3582(c) is [] a claim-processing rule, which is a non-jurisdictional rule that 'seek[s] to promote the orderly progress of litigation by requiring that the parties take certain procedural steps at certain specified times.'"). As Defendant is currently housed in a non-BOP facility and has been informed that there are no officials with authority to address his request, and provided that the Government does not appear to oppose the waiver, the Court concludes that the exhaustion requirement has been waived.

II.     **Extraordinary and Compelling Circumstances**

Defendant alleges several circumstances to justify a reduction of his sentence including (i) Defendant is one of two available caregivers for his minor child; (ii) Defendant is the only available caregiver for his sick mother; and (iii) Defendant's wife is pregnant with a high-risk pregnancy. (Motion at 5.) The Government argues that these are considerations that were present at the time the Court imposed its sentence. (ECF No. 433 at 1.) The Court agrees. "What justifies compassionate release is a finding that new mitigating 'extraordinary and compelling' circumstances exist to reduce [the defendant's] sentence; it is not an opportunity to second guess or to reconsider whether the original sentence was just." *United States v. Ebbers*, 432 F. Supp. 3d 421, 429 (S.D.N.Y. 2020). The Court considered all of these factors when it imposed a sentence that both parties jointly recommended. (Sept. 28, 2021 Tr. at 21:9-18; 23:7-11; 27:14-19.)

Defendant also avers that he suffers from chronic asthma and therefore has an increased risk for severe infection from COVID-19. (Motion at 6.) According to the CDC, individuals with "moderate to severe" asthma may be at a higher risk for severe illness from COVID-19. Centers for Disease Control and Prevention, *Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Feb. 9, 2022). Defendant, however, provides no indication that his asthmatic condition rises to the level of "moderate to severe." Therefore, Defendant has not met Section 3582(c)(1)(A)'s demanding standard. *See, e.g., United States v. Wright,* No. 15 Cr. 445-3 (PAE), 2022 WL 134870, at *6 (S.D.N.Y. Jan 13, 2022) (denying compassionate release where the defendant's medical records did not indicate that he suffered from "moderate to severe" asthma); *United States v. Leon*, No. 15-CR-877 (PAE), 2020 WL 3100593, at *2 (S.D.N.Y. June 11, 2020) (stating that while "asthma undoubtedly presents risks related to COVID-19," the defendant was "young and [did] not have other health conditions that compound that risk"); *United States v. Mascuzzio*, No. 16 Cr. 576

4

(JFK), 2020 WL 3050549, at *3 (S.D.N.Y. June 8, 2020) (finding no "extraordinary and compelling circumstances" where defendant was 40 years old and did not establish that his age or his asthma were "severe enough to warrant compassionate release").

Accordingly, Defendant has failed to show extraordinary and compelling circumstances.

### III.   Section 3553(a) Factors

Even if Defendant could demonstrate extraordinary and compelling circumstances, the Section 3553(a) factors would nonetheless warrant denial of Defendant's motion. While Defendant argues that he was not convicted of a crime of violence, he is not a danger to the community, and that he is not a likely candidate for recidivism (Motion at 8), there are several additional factors the Court must consider. The Court is confident that the sentence imposed—which Defendant has served just over half of—remains necessary to reflect the seriousness of Defendant's offense, to promote respect for the law, and to provide just punishment.

### CONCLUSION

For the foregoing reasons, Defendant's motion for compassionate release is DENIED. The Clerk of the Court is respectfully directed to terminate the motion at ECF No. 428.

Dated:   February 9, 2022            SO ORDERED:
         White Plains, New York

                                     _____
                                            NELSON S. ROMÁN
                                     United States District Judge